IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GINA STYRING,

      Plaintiff,

      vs.                            Cause No: 2:25-CV-00400 GJF/DLM

CITY OF CARLSBAD,
WENDY AUSTIN, and
JESSIE RODRIGUEZ,

      Defendants.

**DEFENDANT CITY OF CARLSBAD OPPOSED MOTION AND MEMORANDUM IN
SUPPORT OF JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant City of Carlsbad ("City"), by their undersigned counsel, submit the following Motion for Judgment on the Pleadings seeking, in part, Judgment in their favor as to Plaintiff Gina Styring's ("Plaintiff" or "Styring") March 27, 2025, Complaint for Violation of Title VII of the Civil Rights Act of 1964 (against the City), Violation of the New Mexico Human Rights Act (against the City), and the New Mexico Whistleblower Protection Act (against the City). Pursuant to D.N.M.LR-Civ. 7.1(a), Defendant's counsel consulted in good faith with Plaintiff's counsel about filing this motion during the May 22, 2025, Joint Status Report and Provisional Discovery Plan conference and determined that Plaintiff opposes this motion.

1. **INTRODUCTION**

This action involves claims brought under Title VII of the Civil Rights Act of 1964, the New Mexico Whistleblower Protection Act, the New Mexico Human Rights Act, and 42 U.S.C. § 1983 concerning the termination of Plaintiff's employment in the City of Carlsbad Police Department. Plaintiff claims that she was terminated because of her gender and for making protected statements and that her termination violated her rights under the Equal Protection Clause. This motion addresses only the claims under Title VII of the Civil

Rights Act of 1964, the New Mexico Whistleblower Protection Act, and the New Mexico Human Rights Act.

## 2.    FACTUAL ALLEGATIONS

1.    The following facts are drawn from the allegations in the Plaintiff's March 27, 2025, Complaint for Violation of Title VII of the Civil Rights Act of 1964 (against the City), Violation of the New Mexico Human Rights Act (against the City), the New Mexico Whistleblower Protection Act (against the City), Violation of the Fourteenth Amendment Equal Protection Clause under Section 1983 (against Defendants Wendy Austin and Jessie Rodriguez) ("Austin" and "Rodriguez" respectively), and Violation of the Fourteenth Amendment Equal Protection Clause under Section 1983 (against the City) ("Complaint"), the undated letter which was received by Plaintiff on or about March 4, 2025, Letter by Rodriguez recommending Plaintiff's termination ("Letter"), the March 17, 2025, Memorandum by Austin affirming Rodriguez's decision to terminate Plaintiff ("Memorandum") which are referred to, quoted from, and discussed in the Complaint (Exhibit A, Complaint at ¶¶ 39, 49, & 51), and the Collective Bargaining Agreement between the City of Carlsbad and the Police Union ("CBA")). The CBA is referred in Defendants' Answer in Defendants' Fifth Affirmative Defense, and is attached hereto as Exhibit B, and the Letter and Memorandum are attached to this Motion as Exhibits C & D, respectively. These documents may be considered in connection with this Motion. *See U.S. v. Valentine*, 751 F.Supp.3d 617, 623 (E.D.N.C. 2024) (citing *Parks v. Alteon, Inc.*, 161 F.Supp.2d 645, 649 n.1 (M.D.N.C. 2001) ("[T]he court 'may consider documents incorporated by reference in the [answer].'"); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 P.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."); *see also BV Jordanelle, LLC v. Old Republic National Title Insurance Co.*, 830 F.3d

1195, 1201, n. 3 (10th Cir. 2016) (same rule applies to motion for judgment on the pleadings). For purposes of this Motion, the non-conclusory facts alleged by Plaintiff in the Complaint are assumed to be true.

2.      In June of 2022, Plaintiff, Gina Styring, was employed by the Carlsbad Police Department as a dispatcher and was a member of the New Mexico Union of Police Dispatchers. (Exh. A, Complaint at ¶ 17).

3.      In December 2024, Plaintiff attended a union meeting, where according to Plaintiff, she raised "a matter of public concern" regarding her supervisor at the Carlsbad Police Department.  (Exh. A, Complaint ¶¶ 18 & 19).

4.      According to Plaintiff, in January 2025, Rodriguez, the new Chief of the Carlsbad Police Department, told employees, including Plaintiff, that criticism of supervisors would not be tolerated. (Exh. A, Complaint ¶ 21).

5.      According to Plaintiff, Rodriguez and other members of the Carlsbad Police Department were targeting Plaintiff because she spoke out at the December 2024 union meeting and because Plaintiff is a woman. (Exh. A, Complaint ¶ 23).

6.      In early 2025, the Carlsbad Police Department initiated an internal affairs investigation involving Plaintiff due to alleged misconduct involving Officer Omar Lopez, a male Carlsbad Police Department Officer. (Exh. A, Complaint ¶ 24; Exh. C, Letter at p.1). As part of the internal affairs investigation, the Carlsbad Police Department interviewed several Carlsbad police officers as witnesses about the relationship and interactions between Plaintiff and Officer Lopez. (Exh. A, Complaint ¶ 29; Exh. C, Letter at p.2). During the internal affairs investigation, Plaintiff denied engaging in sexual conduct with Officer Lopez at the Carlsbad Police Department. (Exh. A, Complaint ¶ 28; Exh. C, Letter at p.2). However, several employee witness statements alleged knowledge of a sexual relationship between Plaintiff and Officer Lopez and reports of inappropriate conduct between both individuals. (Exh. C, Letter at p.2). In an attempt to resolve the inaccuracies between the witnesses' and Plaintiff's statement, the internal investigator requested Plaintiff to take a polygraph

test. (Exh. A, Complaint ¶ 32; Exh. C, Letter at p.1; Exh. D, Memorandum at p.2). Plaintiff refused to take a polygraph test. (Exh. A, Complaint ¶ 37).

7.    As a result of refusing to take a polygraph test and cooperate in the internal affairs investigation, Rodriguez recommended that Plaintiff be immediately discharged from the Carlsbad Police Department. (Exh. C, Letter at p.1).

8.    On March 4, 2025, Plaintiff attended a Predetermination Hearing before Austin, the City Administrator. (Exh. A, Complaint ¶ 50; Exh. D, Memorandum at p.1) After the predetermination hearing, Austin wrote a memorandum affirming Rodriguez's decision to discharge Plaintiff. (Exh. A, Complaint ¶ 51; Exh. D, Memorandum at p.3)

9.    Under the Collective Bargaining Agreement, after Austin affirmed the recommendation for discharge, the Plaintiff had the opportunity to appeal the discharge to the Governing Body of the City of Carlsbad. (Exh. B, Article 11 Section 2(L)) Plaintiff did not appeal Austin's discharge decision to the Governing Body of the City of Carlsbad. [Doc. 3 at ¶ 64]

10.    The Collective Bargaining Agreement contains a multi-step grievance procedure that is the sole procedure to resolve any dispute or grievance between the City and the Carlsbad Police Department Union. (Exh. B, Section 12(1), (5)) The Carlsbad Police Department Union is the sole bargaining agent and representative for union members in negotiations and resolving grievances. (Exh. B, Article 1 Section 1(A), (B)) The final step in the grievance procedure is for the parties to engage in arbitration. (Exh. B, Section 12(1)) Plaintiff did not exercise the CBA's multi-step grievance procedure for her discharge. [Doc. 3 at ¶ 64]

11.    On March 27, 2025, Plaintiff filed this lawsuit in New Mexico's Fifth Judicial District. On April 28, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The Complaint asserts the following five causes of action:

    a.    Count One: Violation of Title VII of the Civil Rights Act of 1964, against the City, for terminating Plaintiff based on her sex (Exh. A, Complaint ¶ 61);

    b.    Count Two: Violation of the New Mexico Human Rights Act, against the City, for subjecting Plaintiff to a hostile work environment based on her sex (Exh. A, Complaint ¶ 71);

    c.    Count Three: Violation of the New Mexico Whistleblower Protection Act, against the City, for engaging in retaliatory conduct against Plaintiff based on her statements at the December 2024 union meeting. (Exh. A, Complaint ¶ 79-80);

    d.    Count Four: Violation of the Fourteenth Amendment Equal Protection Clause, via 42 U.S.C. Sec. 1983 ("Section 1983"), against Rodriguez and Austin, for terminating Plaintiff based on her gender. (Exh. A, Complaint ¶ 85);

    e.    Count Five: Violation of the Fourteenth Amendment Equal Protection Clause via Section 1983, against the City, for failing "to adequately train and supervise City employees in matters related to workplace harassment and gender-based discrimination[.]" (Exh. A, Complaint ¶ 96).

    12.   On May 5, 2025, Defendants City, Austin, and Rodriguez filed an Answer asserting defenses including, among other things, failure to exhaust administrative remedies, qualified immunity, and failure to pursue an appeal of the City's decision under New Mexico law.

## 3.   ARGUMENT

### 3.1.  Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Like a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A movant can succeed on a Motion for Judgment on the Pleadings if it is established that there is no material issue of fact remaining to be resolved, and the

movant is entitled to a judgment as a matter of law. *Park Univ. Enterprises, Inc. v. American Cas. Co. of Reading*, 442 F.3d 1239, 1244 (10th Cir. 2006).

To survive a motion to dismiss for failure to state a claim, the complaint "must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *United Fire and Casualty Co. v. Caskey Drywall NM, LLC*, 2018 WL 3429921, at *2 (D.N.M. July 16, 2018) (quoting *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### 3.2. Plaintiff failed to exhaust her internal grievance procedures and administrative remedy of an appeal to the Governing Body of the City of Carlsbad

New Mexico courts recognize and apply the doctrine of exhaustion of administrative remedies. "Under the exhaustion of administrative remedies doctrine, where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 26, 142 N.M. (internal citations and quotations omitted). The exhaustion doctrine exists because the "interests of justice are served by allowing an agency with particular expertise to resolve issues before a claim is brought to court." *Lucero v. Bd. of Regents of Univ. of N.M.*, 2012-NMCA-055, ¶ 9, 278 P.3d 1043 (citing *Headen v. D'Antonio*, 2011-NMCA-058, ¶ 13, 149 N.M. 667). Similarly, an employee must exhaust grievance procedures in an employee handbook or manual before filing claims against their employers. *Lucero*, 2012-NMCA-055, ¶ 9.

"[F]ederal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965). "If an employee 'resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedy provided by such a contract have not been exhausted.'" *Gebhart v. Raytheon Aircraft Co.*, No. Civ. A.04—4025—JAR, 2004 WL 1212047, at *6 (D.Kan. May 25, 2004) (citing *Vaca v. Sipes*, 386 U.S. 171, 184 (1967)). "If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement." *Id.*

Under the Collective Bargaining Agreement, Plaintiff had two opportunities to appeal the City Administrator's decision to discharge Plaintiff. First, Plaintiff had the opportunity to appeal the City Administrator's decision to discharge Plaintiff to the Governing Board of the City of Carlsbad. (Exh. B, Article 11(2)(L)) Plaintiff chose not to appeal the City Administrator's decision to the Governing Board of the City of Carlsbad. Second, after the City Administrator's decision to terminate, Plaintiff had the opportunity to file a written grievance request and resolve the discharge through the multi-step grievance process. (Exh. B, CBA Article 12(1)) The final step in the CBA multi-step grievance process is to send the written grievance to arbitration. (Exh. B, Article 12(1)) Plaintiff also failed to exercise the CBA's multi-step grievance procedure after Austin's decision to discharge. As a member of the union, Plaintiff had a contractual obligation to follow the CBA's internal administrative remedies and grievance procedures. *See Republic Steel Corp.*, 379 U.S. at 652–53. Plaintiff refused to exhaust and follow the internal administrative remedies and grievance procedures and should not be allowed to use this court as the forum to pursue her grievances from her discharge that should have been pursued in accordance with the CBA.

WHEREFORE Defendant respectfully requests that the Court enter an order granting judgment on the pleadings to the Defendant City of Carlsbad on Plaintiff's claims for Violation of Title VII of the Civil Rights Act of 1964 (against the City), Violation of the New

Mexico Human Rights Act (against the City), and the New Mexico Whistleblower Protection Act (against the City), and dismissing the Complaint in part, against them.

HINKLE SHANOR LLP

*/s/ Richard E. Olson*
Richard E. Olson
Gwyneth E.H. Powers
P.O. Box 10
Roswell, NM  88202-0010
575-622-6510 / 575-623-9332 Fax
rolson@hinklelawfirm.com
gpowers@hinklelawfirm.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I caused the foregoing along with this Certificate of Service, to be served and filed electronically through the CM/ECF File & Serve electronic filing system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

HINKLE SHANOR LLP

*/s/ Richard E. Olson*
Richard E. Olson
Gwyneth E.H. Powers
P.O. Box 10
Roswell, NM  88202-0010
575-622-6510 / 575-623-9332 Fax
rolson@hinklelawfirm.com
gpowers@hinklelawfirm.com
*Attorneys for Defendant*