AGREEMENT

between

**CITY OF CARLSBAD**

and

**CARLSBAD POLICE OFFICERS ASSOCIATION**

April 1, 2022 to April 1, 2025

CARLSBAD, NEW MEXICO

EXHIBIT B TO MOTION

# ARTICLE 1

## UNION RECOGNITION

Section 1:  Recognition

    A.    The CITY recognizes the UNION as the sole and exclusive collective bargaining representative for the Employees employed by the CITY in the Police Department as shown in Appendix A.

    B.    The CITY extends to the UNION representing the unit of Employees the following rights:

        1.    To represent the Employees in negotiations and in settlement of grievances;

        2.    To membership dues deduction, upon presentation of dues deduction authorization cards signed by individual Employees; and

        3.    To exclusive representation status during the term of this Agreement.

Section 2:  Union Shop

All present Employees who designate the UNION as their representative covered by this agreement should, as a condition of employment, become and remain Members of the UNION in good standing 30 days after the signing of this agreement.  All future Employees covered under this agreement may become UNION Members within 30 calendar days after being employed.

UNION benefits are extended only to those who are in good standing with the UNION.  Other entities, groups and individuals may negotiate on their individual behalf, however, they should not benefit from the fruits of the labor produced by the UNION on behalf of their members.  The CITY may choose to extend benefits obtained through the work of the UNION to NON UNION employees however; the CITY will compensate the UNION on the employees behalf.  Compensation will be at the rate at which each affected individual would have had to pay UNION dues.

# ARTICLE 11

## DISCIPLINE AND DISCHARGE

Section 1:  Discipline

    A.    Disciplinary actions or measures shall include only the following:

    1.    Written warning;
    2.    Written reprimand;
    3.    Requirement of payment for intentionally or negligently destroying, damaging, or losing CITY property;
    4.    Involuntary demotion;
    5.    Suspension without pay (notice to be given in writing);
    6.    Discharge.

    B.    It is the policy of the CITY to administer appropriate discipline in a progressive manner.  Each alleged violation will be given careful consideration, investigated thoroughly, and disciplinary action will be administered in a fair and equitable manner.  An Employee cannot be disciplined or discharged from employment except for just cause.  Just cause shall be limited to the following:

    1.    Carelessness or negligence in the performance of duty, including the operation of CITY vehicles or equipment;
    2.    Failure to meet prescribed standards of work;
    3.    Failure to follow instructions or directives;
    4.    Unauthorized absence from work;
    5.    Unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance or violation of the drug and alcohol policy;
    6.    Acceptance of money, gifts, privileges, or other valuable consideration which was given with the expectation of influencing the Employee in the performance of his/her duties;
    7.    Use of official position for personal advantage;
    8.    Willful misuse, theft, or destruction of CITY, Employee or visitor property;
    9.    Unauthorized or fraudulent manipulation of time records or other CITY records;
    10.    Conviction of a felony or commission of an offense or act that substantially impairs the ability of the Employee to perform his/her assigned duties;
    11.    Tardiness and excessive absenteeism;
    12.    Insubordination which is defined as willful or unjustified failure to follow a directive of a supervisor or department policy;
    13.    Disorderly, immoral or indecent conduct;
    14.    Loss of certification or loss of driver's license, pursuant to the provisions of Appendix B.

  C. In determining the appropriate disciplinary action, the violations or misconduct as enumerated above shall be categorized into one of the three following categories:

  1. Minor violations of CITY or Departmental policy wherein the CITY incurs no potential liability by the commission or omission of any act by the Employee and does not place law enforcement certification in jeopardy.

  2. Major violations of CITY or Departmental policy wherein the CITY does incur potential liability by the commission or omission of any act by the Employee which may or may not place a law enforcement certification in jeopardy.

  3. Criminal violations committed by an Employee either on or off duty.

  For purposes of determining the appropriate disciplinary action, the CITY shall not consider any minor violation occurring more than six (6) months preceding the current incident.

  D. Any disciplinary actions or measures imposed upon an Employee may be processed as a grievance through the grievance procedure.

  E. No Employee is to be reprimanded before their fellow workers or the public by the CITY or the CITY's representatives in such a manner that would cause them embarrassment.

  F. Any Employee who has been recommended for disciplinary action shall promptly be provided a copy of the disciplinary action and accompanying forms stating the reasons for such actions. A copy of the disciplinary action and accompanying forms shall be provided to the Union President, or in their absence, the Union Vice President.

Section 2: Adverse Action Affecting Employee's Status

  A. The CITY shall not discharge, suspend without pay, or involuntarily demote any Employee without just cause. If, in any case, the CITY feels there is just cause for discharge, suspension without pay, or involuntary demotion, the Employee involved shall, prior to any such action, be afforded the opportunity for a predetermination hearing before the City Administrator.

  B. The CITY will provide ample notice to the Employee of the date, time and place of such predetermination hearing. The Employee may have a representative of his choice present at the hearing. Legal representation will be permitted provided the affected Employee notifies the City Administrator at least 48 hours in advance of the hearing of his decision to have legal counsel present. In no event will a pre-determination hearing be scheduled with less than 72 hours notice. This notice will be required to be made to the affected employee and the Union President, or in their absence, the Union Vice President.

The notice is required to be made through inter-departmental memorandum, or through verifiable departmental electronic communication such as e-mail or Power DMS.

C. Any recommended action which would adversely affect the employment status of an Employee will be reviewed fully prior to imposing such action. Adverse action is defined as:

1. Suspension without pay.
2. Demotion.
3. Discharge.
4. Payment for intentionally or negligently damaging City property.

D. The Chief of Police or their designee shall have the authority to recommend that adverse action be imposed upon an Employee for failure of the Employee to fulfill their responsibilities as an Employee. However, no adverse action shall be imposed against an Employee without the express written approval of the City Administrator, and not until such time as the affected Employee has been afforded the opportunity for a pre-determination hearing before the City Administrator.

E. Notwithstanding the provisions of the above paragraph, a supervisor may immediately remove from the work environment any Employee who poses a clear and present danger to himself or to others; who is committing or has committed a criminal act; or who otherwise is incapable of fulfilling the obligations of a job. In such cases, the employee will be placed on administrative leave with pay.

F. Upon recommendation by the Chief of Police of an action of adverse nature, the affected Employee will be given the opportunity to participate in a pre-determination hearing, the purpose of which is to provide the Employee with ample opportunity to present rebuttal to the recommended action consistent with the minimum standards of due process.

G. It is not mandatory that an Employee avail himself or herself of the right to a pre-determination hearing. Employees will not be required to appear for a hearing. However, an Employee, who has been properly notified of the pre-determination hearing in accordance with Article 11, Section 2, subsection B, who fails to appear for the hearing as scheduled will be deemed to have waived their rights to any further pre-determination hearing on this same matter.

H. The pre-determination hearing shall be informal in nature and shall not require adherence to the rules of evidence. Both sides will be given the opportunity to present evidence and testimony in support of their positions; however, extensive cross examination and argumentation will not be permitted. The Employee will be allowed to request the presence of witnesses at the hearing they deem pertinent or relevant in providing rebuttal, evidence and testimony in support of their position. The Employee and/or their union representative agrees to provide the Chief of Police, the City Administrator, and the Director of Human Resources, at least 24 hours prior to the hearing, a comprehensive list of witnesses the Employee intends on requesting to be present at the hearing.

I. Within five working days after the hearing, the City Administrator will issue a written determination either affirming, reversing, or modifying the original recommendation for adverse action. The affected Employee will be provided a copy of the written determination prior to the imposition of any adverse action.

J. The City Administrator will conduct the discharge pre-determination hearing. A copy of the recommendation package shall be provided to the Employee and the Union President, or in their absence, the Union Vice President, at least three (3) days in advance of the scheduled hearing.

K. A determination for discharge will be accompanied by a written overview of the hearing. A copy of the overview and recommendation will be provided to the Employee. The Employee may submit a written statement which will be included in the recommendation packet to the Mayor and Governing Body.

L. Any Employee discharged upon the recommendation and determination of the City Administrator will, upon request of the discharged Employee and/or their designated union representative, be given the opportunity to appear before the governing body in either open or closed session to appeal the decision of the City Administrator. All actions taken by the governing body, however, to affirm or reverse the decision of the City Administrator must be made in open session.

M. The governing body may affirm, reverse, or modify the decision of the City Administrator.

N. Subsequent to the decision of the City Administrator, the UNION shall have the right to take up the discharge, suspension without pay, or involuntary demotion as a grievance at the third step of the grievance procedure and the matter shall be handled in accordance with this procedure through the arbitration step if deemed necessary by either the UNION or the CITY. This procedure does not apply to an Employee who is discharged during his probationary period.

O. Any Employee found to be unjustly suspended or discharged must be reinstated with full compensation for all lost time and with full restoration of all other rights and conditions of employment.

Section 3: Administrative Investigations

A. In regard to all Employees of the department, any internal investigation or administrative investigation conducted by the department, the department must comply with the Peace Officer's Employer-Employee Relations Act, any other applicable law of the State of New Mexico and adopted departmental policies regarding internal investigations or administrative investigations.

B.  The department shall implement a policy establishing guidelines and procedures for initiating and conducting internal or administrative investigations. The policy has been written by the Carlsbad Police Department administration and reviewed by the UNION grievance committee.  Committee suggestions will be presented to the administration prior to revision and implementation.

C.  The policy developed shall in no way limit the authority of the CITY nor unreasonably broaden the rights of the Employees in a manner inconsistent with the Peace Officer's Employee-Employer Relations Act or any other applicable New Mexico Law.  The committee shall adopt such policy by a majority vote and present same to the Police Chief for implementation.  In the case of a tied vote by the committee, the policy shall be presented to the CITY/UNION Grievance Committee for resolution of differences.

Section 4:  Representation during Administrative Investigations

At all stages during an Administrative Investigation, an effected Employee must be entitled to and may upon request have an association representative and/or an attorney of their choice present.  Nothing in this section shall be construed as to diminish or limit any rights of the Employer provided for in the Peace Officers Employer/Employee Relations Act, 29-14-1 et. seq. NMSA, 1978, as amended.

Section 5:  Legal Protection

A.  Should an Employee be sued in a civil action for any allegations arising out of the scope of duties, the CITY will defend and indemnify that Employee pursuant to the requirements of the New Mexico Tort Claims Act, Section 41-4-1 et. seq., NMSA 1978, as amended.

B.  It is understood by the parties that it is against public policy to defend an Employee in a criminal suit once the Employee is indicted for a criminal act.

C.  Any Employee receiving a summons or other notice of a threatened or pending job-related lawsuit shall, without unreasonable delay, notify the Chief of Police or in their absence the Assistant Chief.  The CITY shall, within a reasonable time after receipt of any summons or tort claim notice, notify each Employee named as a party in the summons or tort claim notice.  This provision shall apply only to summons or tort claim notices filed or received after the effective date of this contract.

D.  Any Employee named in a job-related lawsuit shall have the right at all reasonable times to consult with the City Attorney and/or the Attorney-of-Record defending the CITY and Employee in order to be informed of the status of the litigation, any settlements offered or contemplated, and any other relevant information regarding the litigation.  An Employee named in a lawsuit or tort claim notice shall cooperate fully with the City Attorney and/or the City's Attorney-of-Record in the defense of the CITY and Employee.

  E. Any Employee who is or may become a party in any job-related lawsuit pursuant to a summons or tort claim notice shall have the right to consult a personal attorney of the Employee's choice regarding such matter. The Employee's personal attorney may, at reasonable times, consult with the City Attorney and/or City's Attorney-of-Record to learn the status of the litigation, any settlements proposed or contemplated and any other relevant facts of the litigation. Nothing in this section shall be construed as giving the Employee or their personal attorney any authority to act on behalf of the CITY or its insurer.

  F. If the CITY or its insurer declines to defend and indemnify an Employee named in a job-related lawsuit on the basis that the Employee acted outside their scope of duties, and if it is later determined by a court of competent jurisdiction that the Employee was acting within the scope of duties, the CITY or its insurer will defend and indemnify the Employee pursuant to the New Mexico Tort Claims Act. Further, the CITY or its insurer will pay any attorney fees or costs ordered by a court of competent jurisdiction in connection with such litigation. Nothing in this section shall be construed as depriving the CITY or its insurer of any right of appeal.

  G. For purposes of this section, "scope of duties" means any duties that a public Employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance.

# ARTICLE 12

## GRIEVANCE AND ARBITRATION PROCEDURE

Section 1

==Any grievance or dispute which may arise between the Parties, including the application, meaning, or interpretation of this Agreement, shall be settled in the following manner:==

STEP 1. The UNION steward, with or without the Employee, shall take up the grievance or dispute, in writing, with the Employee's departmental supervisor within ten (10) working days, not including holidays, of its occurrence. The departmental supervisor shall then attempt to adjust the matter and shall respond to the steward within ten (10) working days, not including holidays. If the steward is not available, the response may be made to the chairman of the UNION Grievance Committee.

STEP 2. If the grievance has not been resolved, it shall be presented, in writing, by the UNION steward or the chairman of the UNION Grievance Committee, to the Police Chief within ten (10) working days, not including holidays, after the Departmental Supervisor's response is due. The Police Chief shall respond to the UNION steward or the chairman of the UNION Grievance Committee, in writing, within ten (10) working days, not including holidays.

STEP 3. If the grievance still remains unresolved, it may be presented by the UNION Representative or Grievance Committee Chairman to the City Administrator, or his representative, in writing, within ten (10) working days, not including holidays, after the response of the Police Chief is due. The City Administrator, or their representative, shall respond, in writing, to the UNION Representative or Grievance Committee Chairman (with a copy of the response to the local UNION President) within ten (10) working days, not including holidays.

Any and all grievances reduced to writing and resolved shall be signed by the CITY's and UNION's Committees for the records of each Party. In order to eliminate waste of time or delay, it may be agreed by the CITY's and the UNION's Committees to try to resolve one or more grievances at the same time. Also, the CITY or the UNION shall have the right to call any witnesses either Party feels necessary whose testimony would be pertinent to the settlement of a grievance.

==STEP 4. If the grievance is still unresolved, either Party may, within thirty (30) days after the reply of the City Administrator or their representative is due, by written notice to the other, request Arbitration.==

The Arbitration proceedings shall be conducted by an Arbitrator to be selected by the CITY and the UNION, within ten (10) working days, not including holidays, after notice has been given. If the Parties fail to select an Arbitrator, the Federal Mediation and Conciliation Service shall be requested, by either or both Parties, to provide a panel of seven (7) Arbitrators. The Party, other than the Party requesting arbitration, shall have the right to strike the first name; the other Party shall then strike one (1) name. The process will be repeated and the remaining person shall be the Arbitrator.

==The decision of the Arbitrator shall be final and binding on the Parties, and the Arbitrator shall be requested to issue their decision within 30 days after the conclusion of testimony and argument.==

Notwithstanding any provision herein to the contrary, no dispute shall be submitted to binding arbitration when the Governing Body of the City of Carlsbad has, pursuant to the provisions of 39-3-1.1 et. seq., NMSA 1978 as amended, previously made a final decision on the same dispute. Employees may appeal the decision of an arbitrator to District Court in accordance with State Statutes.

Section 2

Expenses for the Arbitrator's services and the proceedings shall be borne equally by the CITY and the UNION. Both Parties may mutually agree to provide and share equally in the cost of providing a verbatim record of the proceedings.

Section 3: Grievance Committees

  A. Employees selected by the UNION to act as UNION representatives shall be known as "Stewards." The names of Employees selected as stewards, and the names of other UNION representatives who may represent Employees, shall be certified in writing to the CITY by the local UNION.

  B. The UNION Negotiating and Grievance Committee shall consist of not more than six (6) Members of the UNION and two (2) alternates to replace regular members not able to attend.

  C. The CITY shall meet with the UNION Committee at least once each month which shall be held during working hours on the CITY's premises and without loss of pay.

  D. The purpose of Grievance Committee meetings will be to resolve pending grievances and to discuss procedure for avoiding future grievances. In addition, the Committee may discuss with the CITY other issues which would improve the relationship between the Parties.

  E. If any grievance is not presented or arbitration is not requested within the time limits, and in accordance with the provisions of this Article, it shall be barred from consideration or action by and between the UNION and the CITY.

  F. Should the CITY fail to answer or act upon a grievance during the time limits on or after Step 2 of the Grievance Procedure, the CITY forfeits the grievance.

Section 4:  Investigating and Filing Grievances During Working Hours

  Chief steward and/or shop stewards may investigate and file grievances during working hours without loss of pay provided prior approval has been obtained by the supervisor.

Section 5

  The parties agree that they will make every effort to resolve any grievance or dispute arising between the Parties and related to any provision of this Agreement by recourse to the grievance procedure contained in this Agreement.  ==This Collective Bargaining Agreement and the grievance procedure provided herein is intended by the Parties as the sole procedure to be used in resolving any grievance or dispute between the Parties==.

Section 6

  A. Notwithstanding any provision herein to the contrary, the Union may take up any grievance or dispute at Step 1 with the Police Chief when the grievance or dispute alleges inappropriate conduct by a Departmental Supervisor to whom the grievance would normally be presented at Step 1.

  B. Notwithstanding any provision herein to the contrary, the Union may take up any grievance or dispute at Step 1 with the City Administrator when the grievance or dispute alleges inappropriate conduct by the Police Chief.

  C. For purposes of this Section, "inappropriate conduct" shall mean:
   1. Any action that is alleged to be in violation of any Federal, State or City law or ordinance.
   2. Any alleged use of alcohol or drugs in violation of City policy.
   3. Any alleged violation of the City's Sexual Harassment and Sexual Misconduct Policy.
   4. Any alleged conduct unbecoming an officer of the Carlsbad Police Department.
   5. Any act alleged to be retaliatory or discriminatory.

D. All grievances presented by the Union in accordance with the provisions of this Section 6 shall be presented in writing with sufficient detail to establish the basis of the inappropriate conduct allegation, including dates, times, places and witnesses to any such inappropriate conduct.

E. The Police Chief, upon receipt of a grievance alleging inappropriate conduct by a Department Supervisor, shall attempt to adjust the matter and shall respond to the Union in writing within fourteen (14) calendar days.

F. The City Administrator, upon receipt of a grievance alleging inappropriate conduct by the Police Chief, shall attempt to adjust the matter and shall respond to the Union in writing within fourteen (14) calendar days.

G. If a grievance still remains unresolved, it may be presented by the Union at Step 3 as set forth in Section 1 and thereafter, if still unresolved, to arbitration.

H. The provisions of Section 6 shall apply only to those grievances alleging inappropriate conduct by a Departmental Supervisor or the Police Chief. Except as permitted in Section 6, the Union shall in no way utilize the procedures set forth in Section 6 to circumvent the normal grievance and arbitration procedures established in Article 12, Section 1.

Both parties, having negotiated the terms and conditions of employment for those employees covered by this bargaining unit, have reached agreement on a new contract effective April 1, 2022, and terminating April 1, 2025.

| FOR THE CITY OF CARLSBAD | FOR THE CARLSBAD POLICE OFFICERS ASSOCIATION |
|---|---|
| _____<br>Dale Janway, Mayor | _____<br>Trey Thompson, Union President |
| _____<br>John Lowe, City Administrator | _____<br>Andrew Carver, Union Vice President |
| _____<br>Shane Skinner, Chief of Police | _____<br>Josh Calder, Committee Member |
| _____<br>Ted Cordova, Deputy City Administrator | _____<br>Gwen Lopez, Committee Member |
| _____<br>Kenneth Cass, Deputy City Administrator | _____<br>Sam Dorado, Committee Member |
| | _____<br>Tina R. Dorado, Committee Member |
| | _____<br>Vera Ramirez, Committee Member |