IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GINA STYRING,

**Plaintiff,**

vs.

CITY OF CARLSBAD,
WENDY AUSTIN, and
JESSIE RODRIGUEZ,

Cause No: 2:25-CV-00400 GJF/DLM

**Defendants.**

## WALDO RULE 56(D) DECLARATION

1. My name is Curtis Waldo. I am an attorney admitted to practice law in the states of New Mexico, Texas, and New York. I am a partner with the law firm Waldo Gubernick Law Advocates, LLP.

2. I am over 18 years of age and competent to testify to the facts herein. My business address is 717 Texas Ave., Ste. 1200, Houston, TX 77002.

3. My firm represents Gina Styring in the above-referenced case. As part of my work on this case, I am personally familiar and knowledgeable with the facts set forth in this Declaration. I submit this Declaration under Rule 56(d) of the Federal Rules of Civil Procedure. This Declaration is based on my personal knowledge.

4. On June 2, 2025, Defendant City of Carlsbad filed a Motion for Judgment on the Pleadings, to which it attached a PDF it referred to as a "Collective Bargaining Agreement."

5. According to the City's Motion, Plaintiff waived her statutory claims in the above lawsuit on account of this purported collective bargaining agreement.

6. The purported collective bargaining agreement attached by the City raises several questions. It is missing many pages, including key definitions, and it does not contain referenced attachments. It is not clear who wrote the document or to whom it applies.

7. On behalf of Plaintiff, my firm has filed a Response to the City's Motion, arguing the Motion should be denied under Rule 12(c). To the extent the Court converts the Motion to a motion for summary judgment under Rule 56, Plaintiff has objected to consideration of the purported collective bargaining agreement.

8. For these reasons, Plaintiff argues the City's Motion should be denied. Out of caution, I submit this Declaration to explain what additional discovery is required about the purported collective bargaining agreement.

9. To effectively respond to the purported collective bargaining agreement cited by the City's motion, it is necessary to conduct additional discovery about this document and seek documents or information exclusively in the City's possession. For example, the City must produce the entire document it claims to be the collective bargaining agreement, including all attachments. I must also conduct discovery to find out if Plaintiff is a part of the union at issue in the City's attachment.

10. Discovery has only begun in this matter. The Rule 26(f) conference was held on May 22, 2025. The parties' Joint Status Report, submitted only on June 10, 2025, requests a January 9, 2026 discovery deadline. The Court has not yet held the Rule 16 initial conference.

11. As discovery proceeds, I intend to send discovery requests to the City for a copy of the full collective bargaining agreement it claims Plaintiff is bound by.

12. I will also send additional discovery requests to the City to ascertain why the City contends Plaintiff has not complied with the grievance procedure, and why the City contends Plaintiff (as opposed to the union itself) is bound by the collective bargaining agreement.

13. I will also send discovery requests to the City about why it contends Plaintiff waived her statutory rights under the collective bargaining agreement. The PDF produced by the City contains no clear and unmistakable waiver of statutory rights as required by law, so I must ascertain what language the City is relying on.

14. I also intend to depose city administrator/Defendant Wendy Austin about the collective bargaining agreement, and the role played by Austin, Plaintiff, and the union in the grievance procedure. This deposition will be important to ascertain why the City does not believe Plaintiff complied with the grievance procedure.

15. I will also seek discovery on the union's role in Plaintiff's termination. This is important because if the union failed to support Plaintiff in the face of Defendants' misconduct, further utilization of procedures in the grievance process would be futile, further undermining the City's waiver argument.

16. The City referenced a collective bargaining agreement in its Initial Disclosures but did not produce the document along with those disclosures, either partially or in full. I can only surmise that either the City does not currently have the full document, in which case additional discovery will be needed to locate it. Or it does have the full document but has not yet produced it, presumably because discovery is only beginning. Either way, additional discovery will be needed to locate the full collective bargaining agreement.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: June 16, 2025

*[signature]*

Curtis Waldo