UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GINA STYRING,

    Plaintiff,

v.                                                                     Civ. No. 25-400 GJF/DLM

CITY OF CARLSBAD,
WENDY AUSTIN and
JESSIE RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant City of Carlsbad Opposed Motion and Memorandum in Support of Judgment on the Pleadings (Dkt. No. 10) ("Motion"). The Motion is fully briefed. *See* Dkt. No. 17 (response); Dkt. No. 21 (reply); Dkt. No. 27 (supplemental authority). The Court also heard oral argument on the Motion on December 19, 2025. *See* Dkt. No. 61. For the following reasons and for those expressed at the hearing, the Court will **DENY** the Motion **WITHOUT PREJUDICE** to Defendants reasserting their arguments at the summary judgment stage.

### I.    BACKGROUND[1]

Beginning in June 2022, Plaintiff Gina Styring ("Plaintiff") was employed as a dispatcher by the Carlsbad Police Department ("the Department") and was "a member of a New Mexico union of police dispatchers." Dkt. No. 1-1 ¶ 17 (Complaint). At an early December 2024 meeting with fellow union members, Plaintiff raised concerns that her supervisor at the Department "would not respond quickly enough to certain information requests," which could result in slow responses

---

[1] For the purposes of this Motion, the Court accepts as true all of the factual allegations in Plaintiff's Complaint (Dkt. No. 1-1).

to emergency calls. *Id*. ¶¶ 18–19. The following month, the new Chief of the Department advised employees, including Plaintiff, that criticism of supervisors would not be tolerated. *Id*. ¶ 21. The Chief and others within the Department then began "targeting" Plaintiff by, among other things, initiating an internal affairs investigation into whether she had sexual relations with a male officer in the Department building. *Id*. ¶ 23. According to Plaintiff, this targeting occurred for two reasons: (1) because she spoke out at the December 2024 union meeting, and (2) because she is a woman. *Id*. Plaintiff maintained that the accusations that she had sex with Officer Omar Lopez were false. *Id*. ¶ 27. Nevertheless, the investigation persisted, with the Department insisting that she and Officer Lopez take polygraph examinations concerning their rumored relationship. *Id*. ¶ 32. Plaintiff refused, as did Officer Lopez. *Id*. ¶ 37.

On or around March 4, 2025, the Chief informed Plaintiff that he was recommending her termination based on her refusal to participate in the polygraph examination. *Id*. ¶ 39. In contrast, Officer Lopez, who also never took the requested polygraph examination, was *not* terminated. *Id*. ¶ 42. According to Plaintiff, she was terminated for reporting concerns about her supervisor and because of her gender. *Id*. ¶¶ 40–41. Plaintiff appealed her termination to the City Administrator, who affirmed the termination. *Id*. ¶¶ 49, 51.

Plaintiff filed suit in state court on March 26, 2025, alleging statutory claims under federal and state law, including Title VII, the New Mexico Human Rights Act ("NMHRA"), and the New Mexico Whistleblower Protection Act ("NMWPA"). Dkt. No. 1-1. Although Plaintiff's Complaint references her participation in a union, she does not assert any claims arising from a collective bargaining agreement, and she did not attach, incorporate, or reference a collective bargaining agreement in her Complaint. *See id*.

In April 2025, Defendants removed the case to federal court and filed their Answer. *See* Dkt. Nos. 1, 3. As their Fifth Affirmative Defense, Defendants asserted that at least some of Plaintiff's claims should be dismissed or stayed (or are waived) due to her failure to follow grievance and arbitration procedures set forth in a Collective Bargaining Agreement ("CBA") that governed her employment with the City of Carlsbad ("City"). Dkt. No. 3 at 11. Defendants' Answer purported to attach as "Exhibit A" the CBA to which they allege Plaintiff was subject; however, no such CBA was in fact attached. *See id*. Instead, Defendants provided the CBA as Exhibit B to their Motion for Judgment on the Pleadings. *See* Dkt. No. 10-2.

## II. DISCUSSION

### A. Parties' Arguments

In their Motion, Defendants seek judgment on the pleadings as to Plaintiff's Title VII, NMHRA, and NMWPA claims (Counts I–III). In support, Defendants contend that, as a member of the Carlsbad Police Officers Association ("CPOA"), Plaintiff had a contractual obligation to follow the administrative remedies and grievance procedures set out in the CBA between the City and the CPOA, portions of which Defendants append to their Motion. Because Plaintiff failed to follow all of the internal grievance procedures, including arbitrating her claims, Defendants insist that she may not now pursue claims related to her discharge from the Department in this Court.

Plaintiff mounts both procedural and substantive challenges in opposition to Defendants' Motion. First, she contends that the City improperly relies on its failure-to-exhaust affirmative defense as a basis for relief under Federal Rule of Civil Procedure 12(c). According to Plaintiff, dismissing a claim under Rule 12(c) on the basis of an affirmative defense is proper only when the complaint itself admits all elements of the affirmative defense, which she insists her Complaint does not do. Moreover, Plaintiff argues that the Court may not consider as extrinsic evidence the

CBA attached to Defendants' Motion because she objects to its authenticity due to its incompleteness, its unexplained highlighting, its unknown origin, and the lack of any supporting declaration. To the extent the Court contemplates converting the Motion into one for summary judgment, Plaintiff insists that the CBA is inadmissible and, further, that she should first be permitted to conduct discovery to refute Defendants claims. In support, she attaches a Rule 56(d) declaration. Substantively, Plaintiff argues that the CBA does not contain a clear and unmistakable waiver of statutory rights that would preclude her claims, nor do the relevant statutes require exhaustion of union grievance procedures. Finally, Plaintiff suggests that she *did* follow the steps outlined in the purported CBA, with the option of pursing arbitration being a *non-mandatory* final step in that process.

In reply, Defendants contend that the Court is permitted to consider both the CBA and Defendants' failure-to-exhaust affirmative defense as a basis for granting their Motion. As to the former, Defendants ask the Court to take judicial notice of the CBA, which they contend is a public record available in the U.S. Department of Labor's Online Public Disclosure Room. If the Court were to treat the Motion as one for summary judgment, Defendants insist that the CBA constitutes non-hearsay evidence that can be put into admissible form and which sets forth the mandatory steps of the applicable, multi-step grievance process that Plaintiff was required to follow. Relatedly, because the CBA provides that any dispute arising under the CBA is subject to the CBA's grievance process, Defendants insist that the CBA constitutes a waiver of Plaintiff's statutory rights under Title VII, the NMHRA, and the NMWPA, such that Plaintiff was required to follow the process outlined in the CBA, up to and including arbitration.

### III. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed using the standard of review applicable to a motion to dismiss under Rule 12(b)(6). *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240–41 (10th Cir. 2005) (citing *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004)). In reviewing a complaint under this standard, the Court must accept all well-pled factual allegations as true and construe those facts in the light most favorable to the non-moving party. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, the Court will only "consider facts alleged in the complaint itself" when evaluating its sufficiency. *Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (citing *Emps.' Ret. Sys. of Rhode Island v. Williams Cos., Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018)). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any And All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

### IV. DISCUSSION

The Court begins with the premise that dismissing a claim pursuant to Rule 12(c) on the basis of an affirmative defense is proper "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). Here, Defendants' failure-to-exhaust affirmative defense derives from their position that Plaintiff was a member of the CPOA union and therefore subject to the CBA between the CPOA and the City. But the Complaint stops short

5

of alleging that Plaintiff was a member of the CPOA union[2] or that she was subject to the CBA on which Defendants rely. *See* Dkt. No. 1-1. Indeed, Plaintiff does not seek relief under *any* CBA or even reference one at all. *Id*. At most, she alleges that she was "a member of *a* New Mexico union of police dispatchers" and that she attended a December 2024 union meeting, *id*. ¶¶ 17–18 (emphasis added), but critically, she fails to identify the union of which she was a part or to describe its membership. *See id*. ¶ 17–18. Although Defendants referenced the CBA between the City and the CPOA in their Answer, they neglected to attach it.

Absent any reference to the CBA in the Complaint, and given Defendants' failure to append it to their Answer, the Court concludes that a motion for judgment *on the pleadings* is not the proper vehicle to grant relief on the CBA-related affirmative defense for which Defendants bear the pleading burden. *See Fernandez*, 883 at 1299. Although a court may sometimes consider extrinsic evidence under Rule 12(c), it may not do so when the opposing party objects to the authenticity of the subject evidence. *See Gallup Med Flight, LLC v. Builders Tr. of New Mexico*, 240 F. Supp. 3d 1161, 1199 (D.N.M. 2017) (Under Rule 12(c), "[a] court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") (citing *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941–42 (10th Cir. 2002)). And here, Plaintiff *does* object to the authenticity of the CBA. She notes that the document is incomplete (missing at least 60 pages of text and a referenced Appendix), is of unknown origin, and is unsupported by an authenticating affidavit. Dkt. No. 17 at 4. She further observes that the CBA purports to be between the City and a union of *police officers*, whereas Plaintiff worked as a *dispatcher*. Indeed, the pleadings themselves do not reveal whether dispatchers are among the members of the CPOA. Dkt. No. 17 at 4. Plaintiff also notes that terms

---

[2] Although Defendants attach to their reply brief a document that purports to establish Plaintiff's membership in that union, that document lacks any accompanying declaration and constitutes evidence extrinsic to the pleadings.

6

used in the referenced provisions of the CBA, including "governing body," "parties," and "arbitration," are not defined in the excerpts that Defendants supply. *Id.* at 5. Moreover, Plaintiff's counsel represented at the motions hearing that, despite requesting the CBA, Plaintiff had not yet received a complete, authenticated version of it. Hr'g[3] at 9:16:15–9:17:09. Although Defendants suggest that the Court may nevertheless take judicial notice of the CBA as a public record because it is available "on the U.S. Department of Labor's Online Collective Bargaining Agreement File," neither Plaintiff's counsel nor the Court have enjoyed any success accessing the CBA at the hyperlink provided by Defendants.[4] *See* Dkt. No. 21 at 3; Hr'g at 9:16:50–9:17:03. Under these circumstances, the Court would run afoul of Rule 12(c) were it to consider the CBA excerpts, provided for the first time as an attachment to Defendants' Motion, in deciding the merits of Defendants' failure-to-exhaust affirmative defense.

Moreover, insofar as the Federal Rules of Civil Procedure permit courts to convert motions made under Rule 12(c) into motions for summary judgment, the Court declines to do so here. Because Defendants' legal arguments come in the context of a Rule 12(c) motion filed in the embryotic stages of this case—before the parties had an opportunity to explore through discovery facts related to Plaintiff's union membership and any applicable CBA—the facts presented by the parties in their briefs are unsettled as they relate to those critical issues. At minimum, Plaintiff is entitled to conduct additional discovery concerning the application and effect of the excerpted CBA before the Court considers whether its provisions foreclose her statutory claims. *See* Dkt. Nos. 17, 17-1 (citing Fed. R. Civ. P. 56(d) and attaching a corresponding 56(d) declaration).

---

[3] The "Hr'g" citation refers to the audio recording of the December 19, 2025 hearing stored on the Court's Liberty system. Although neither the audio recording nor a transcript is currently available on CM/ECF, any party may obtain the recording through the Court's records department and have it transcribed.

[4] When the Court attempts to follow the hyperlink provided by Defendants, the following error message is returned: "Error 500: java.lang.NullPointerException."

7

Viewing all facts and inferences in the Complaint in Plaintiff's favor, as it must, the Court concludes that Defendants have not "clearly established that no material issue of fact remains to be resolved" or that they are "entitled to judgment as a matter of law." *Park Univ. Enters., Inc., PA*, 442 F.3d at 1244. The Court therefore denies Defendants' Motion without prejudice to them reasserting the same arguments at the summary judgment stage, after further factual development and with the benefit of evidence outside the pleadings.

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion is **DENIED WITHOUT PREJUDICE** to Defendants again raising their arguments in a subsequent motion filed pursuant to Rule 56.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*