**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

GINA STYRING,

 Plaintiff,

v.                Civ. No. 25-400 GJF/DLM

CITY OF CARLSBAD,

 Defendant.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SUR-REPLY**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File Sur-Reply (Dkt. No. 105) ("Motion"). Defendant filed a response on March 20, 2026. Dkt. No. 112. Plaintiff did not file a reply, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a); *see also* D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."). As explained below, Plaintiff's Motion is well-taken and will be **GRANTED**.

In its Motion for Summary Judgment on Plaintiff's New Mexico Whistleblower Protection Act Claims ("summary judgment motion"), Defendant sets out statements of undisputed material fact that relate to comments Plaintiff made at a December 2024 union meeting. According to these asserted facts:

1) Plaintiff complained that Katey Prell would not work the dispatch floor and that she had only seen Prell work the dispatch floor a couple of times (Def.'s Mot. for Summ. J.,

Undisputed Material Fact (hereinafter "Def.'s UMF") ¶ 7, Dkt. No. 81 (citing Dkt. No. 81, Ex. 3 (Pl's Resp. to City's Interrogatory No. 8), Ex. 1 at 47:12–18 (Pl.'s Deposition)));

2) Amairani Valles testified that Plaintiff's statements were not related to dispatch responsiveness but were critical of Prell's ability to perform as a dispatch commander and seemed "personal" rather than "professional" (Def.'s UMF ¶¶ 8–9 (citing Dkt. No. 81, Ex. 4 at 134:20–25, 138:22–23 (Valles Deposition)); and

3) Cassi Parker testified that Plaintiff was upset that Prell submitted overtime hours for "call outs" (Def.'s UMF ¶ 10 (citing Dkt. No. 81, Ex. 5 at 78:11–16, 78:24-79:1 (Parker Deposition)).

In response to Defendant's summary judgment motion, Plaintiff submits a Declaration in which she elaborates on the complaints she made at the December 2024 union meeting. Plaintiff summarizes the averments contained in her Declaration:

> [H]er commander (Katey Prell) was improperly claiming overtime pay. As part of [Prell's] supervisor duties, when she was off-duty, Prell would text or call other dispatchers if a dispatcher called out sick. Because she was a supervisor, Prell was not supposed to be paid for this work, but, contrary to policy, Prell would claim overtime pay. For instance, Prell would claim an hour of overtime pay simply for sending a text message from her couch. This was the concern Plaintiff raised—that Prell was overcharging taxpayers, and Plaintiff thought Prell should stop.
>
> Plaintiff stated Prell would not handle regular dispatcher "on the floor" shift work, even if it was a busy night, and even if the dispatchers were short-staffed. Plaintiff raised this concern because a lack of 911 dispatchers can impact public safety.
>
> Plaintiff stated that sometimes Prell would be delayed in her responsiveness to other dispatchers' queries. For instance, if a dispatcher emailed or texted a question to Prell, Prell might not respond for several days. Plaintiff raised this concern because she

2

> thought this lack of responsiveness was impacting dispatchers'
> ability to respond to calls and hence endangering the public.

Dkt. No. 92 at 1–2 (citing Dkt. No. 92, Ex. A ¶¶ 8–20 (Pl.'s Declaration)). Plaintiff acknowledges that Defendant, in its summary judgment motion, relies on her prior deposition testimony as well as that of Valles and Parker to establish the content of her statements at the December 2024 union meeting. *Id*. at 11. But she insists that none of the deposition excerpts to which Defendant refers are *inconsistent* with her Declaration. *Id*. As Plaintiff puts it, "[t]his is not a 'he said/she said' situation or an instance of Plaintiff retracting something she said at a deposition in a self-serving declaration. Everyone's statements are consistent." *Id*.

Defendant takes a different view as to the consistency of Plaintiff's testimony. In its reply in support of the summary judgment motion, Defendant insists that Plaintiff's Declaration *contradicts* her earlier deposition testimony in two critical ways. Dkt. No. 102 at 5. First, Defendant suggests that Plaintiff previously testified at her deposition that she brought up Prell's refusal to work the dispatch floor because she was providing her opinion on how to resolve burnout and providing dispatch issues for upcoming contract negotiations with the City. Dkt. No. 102 at 5 (citing Dkt. No. 102, Ex. 1 at 47:8–48:24; 155:22–156:1). In contrast, Defendant notes that, in her Declaration, Plaintiff claims she brought up Prell's refusal to work the dispatch floor because she thought it was "important to the community" and because communicating her concern with other officers present might increase the chance her concern would be resolved. Dkt. No. 102 at 5 (citing Dkt. No. 92, Ex. A ¶ 15). Second, Defendant contends that Plaintiff testified in her deposition that her statements about Prell's refusal to work the dispatch floor were her only comments about Prell (Dkt. No. 102 at 5 (citing Dkt. No. 102, Ex. 1 at 47:8–49:22)), whereas she states in her Declaration that she *also* expressed concern about how Prell submitted overtime for callouts, which she allegedly raised because it was costing taxpayers money for work Prell did not perform (Dkt. No.

3

102 at 5 (citing Dkt. No. 102, Ex. A ¶¶ 16–20)). In light of these alleged inconsistencies, Defendant argues that Plaintiff's Declaration is an attempt to create a sham issue of fact and urges the Court to disregard at least portions of the Declaration in deciding its summary judgment motion. *Id*. Plaintiff, in turn, seeks permission to address Defendant's opposition to the Court's consideration of her Declaration in a sur-reply. Dkt. No. 105.

Pursuant to Local Rule, "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). However, "if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials." *Beaird v. Seagate Tech., Inc*., 145 F.3d 1159, 1165 (10th Cir. 1998). Thus, for purposes of resolving Plaintiff's Motion, the question before the Court is whether Defendant relies on *new* arguments in its reply brief such that further briefing is warranted. For its part, Defendant insists that its reply raises no new arguments not already addressed by Plaintiff in her response. Dkt. No. 112 at 3–4.

There is little question that Plaintiff at least *anticipated* Defendant might take the position that her Declaration was at odds with prior deposition testimony. After all, she affirmatively asserts in her response that none of the deposition excerpts to which Defendant refers are inconsistent with her Declaration. *See* Dkt. No. 92 at 11. Plaintiff's anticipatory assertion proved prophetic, as Defendant indeed argues in its reply that the Declaration and deposition testimony are inconsistent. But contradictions alone, even if they exist, do not preclude the Court's consideration of Plaintiff's Declaration as a sham. *See Ralston v. Smith & Nephew Richards, Inc*., 275 F.3d 965, 973 (10th Cir. 2001) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). A declaration may only be disregarded if the court determines that it attempts to create a sham fact issue after considering: (1) whether the declarant was cross-examined during her deposition; (2) whether the declarant had access to the pertinent evidence at the time of her deposition or whether the

4

declaration is based on newly-discovered evidence; and (3) whether the declarant's deposition testimony reflects confusion that the declaration attempts to explain. *Id*. Notably, Plaintiff's response to Defendant's summary judgment motion only addresses, in cursory fashion, whether her Declaration is consistent with prior deposition testimony. She has not yet addressed the other factors the Court must consider in deciding whether to disregard a declaration.

Because Plaintiff has not fully addressed the sham declaration issue that Defendant raises in its reply, and because she makes a modest request for a sur-reply of less than five pages, the Court concludes that Plaintiff's Motion is well-taken and should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply (Dkt. No. 105) is **GRANTED**, and Plaintiff shall file her sur-reply, not to exceed four pages, no later than **Wednesday, April 22, 2026**.

**IT IS FURTHER ORDERED** that Defendant, if it wishes, may respond to Plaintiff's sur-reply, in a filing not to exceed four pages, no later than **Wednesday, April 29, 2026**.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***